IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

O.K. SALES, INC.

      **Plaintiff**

v.

CELTIC CABINETRY & MILLWORK,
A DIVISION OF D&L HOLDING
GROUP, INC.; D&L HOLDING
GROUP, INC.; and DAVID GLEASON

      **Defendants**

3:17-CV-1372
(JUDGE MARIANI)

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court is Plaintiff O.K. Sales, Inc.'s Motion for Entry of Default Judgment (Doc. 9). For the reasons discussed below, the Court will grant Plaintiff's motion.

On August 3, 2017, Plaintiff filed a Complaint naming as Defendants Celtic Cabinetry & Millwork, a division of D&L Holding Group, Inc., D&L Holding Group, Inc., and David Gleason. (Doc. 1). The Complaint alleged Breach of Contract and Unjust Enrichment by the defendants.

The record demonstrates that summons were returned executed as to each defendant (Docs. 5-7), but no attorney has entered an appearance on behalf of any defendant nor has any defendant filed a pleading or performed any other action to otherwise defend the case. Thus, on December 21, 2017, Plaintiff filed a "Praecipe for Entry of

Default Judgment" (Doc. 9) pursuant to Federal Rule of Civil Procedure 55(a) and 55(b)(1). The Clerk of Court entered default against the defendants on March 22, 2018. (Doc. 11).

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default". Fed. R. Civ. P. 55(a). Upon the party's request, the clerk of court may then enter default judgment, but only if the claim is for a sum certain or one that can be made certain by computation, the defendant has made no appearance, and the defendant is not a minor or incompetent. *Id.* at 55(b)(1). In all other cases, the party seeking a default judgment must make an application to the court. *Id.* at 55(b)(2).

Although the entry of default judgment is "left primarily to the discretion of the district court", the discretion is not limitless given that cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-1181 (3d Cir. 1984). "Where a court enters a default judgment, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n. 6 (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

In determining whether to grant a motion for default judgment, a Court must consider three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable

2

conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

## III. Analysis

### A. The Entry of Default Judgment

Here, Plaintiff O.K. Sales, Inc. ("O.K. Sales") has satisfied all of the requirements necessary to obtain a default judgment against Defendants. In light of the lack of any response or action on the part of the defendants, the Court must accept the following key factual allegations as true:

> At all times material to this matter, the above-captioned parties entered into an Exclusive Distribution Agreement dated September 2, 2015. . . .
>
> Additionally, the parties entered into an Individual Guaranty on [September 2, 2015], [which was] executed by Gleason. . . .
>
> The above-captioned Defendants, individually and/or collectively, breached the terms and conditions of this Exclusive Distribution Agreement as well as the Individual Guaranty by failing to conform to the terms and obligations stated therein. OK conformed and complied at all times to the terms and obligations of both contracts.
>
> Thereafter, the above-captioned Defendants executed a Promissory Note dated November 6, 2015 for the principal sum of $24,000 unconditionally promising to pay to OK the principal sum of $24,000 together with interest from that date hereof at a rate of 6.25% per annum with the liability thereunder being joint and several among the above-captioned Defendants, the terms and conditions of which are all alleged and incorporated herein by reference. . . . Additionally, the parties entered into an Individual Guaranty on the same date [which was] executed by Gleason. . . .
>
> The above-captioned Defendants, individually and/or collectively breached the terms and conditions of both this Promissory Note and Individual Guaranty by failing to conform to the terms and obligations stated therein. OK

3

conformed and complied at all times to the terms and obligations of both contracts.

Thereafter, the above-captioned Defendants executed a Promissory Note dated November 13, 2015 for the principal sum of $13,236 unconditionally promising to pay to OK the principal sum of $13,236 together with interest from that date hereof at a rate of 6.25% per annum with the liability thereunder being joint and several among the above-captioned Defendants . . . .

Thereafter, the above-captioned Defendants executed a Promissory Note dated November 20, 2015 for the principal sum of $7,000 unconditionally promising to pay to OK the principal sum of $7,000 together with interest from that date hereof at a rate of 6.25% per annum with the liability thereunder being joint and several among the above-captioned Defendants . . . .

Thereafter, the above-captioned Defendants executed a Promissory Note dated November 20, 2015 for the principal sum of $4,500 unconditionally promising to pay to OK the principal sum of $4,500 together with interest from that date hereof at a rate of 6.25% per annum with the liability thereunder being joint and several among the above-captioned Defendants . . . .

Thereafter, the above-captioned Defendants executed a Promissory Note dated December 15, 2015 for the principal sum of $9,384.12 unconditionally promising to pay to OK the principal sum of $9,384.12 together with interest from that date hereof at a rate of 6.25% per annum with the liability thereunder being joint and several among the above-captioned Defendants . . . .

Thereafter, the above-captioned Defendants executed a Promissory Note dated December 21, 2015 for the principal sum of $9,424.62 unconditionally promising to pay to OK the principal sum of $9,424.62 together with interest from that date hereof at a rate of 6.25% per annum with the liability thereunder being joint and several among the above-captioned Defendants . . . .

Thereafter, the above-captioned Defendants executed a Promissory Note dated January 7, 2016 for the principal sum of $9,436.84 unconditionally promising to pay to OK the principal sum of $9,436.84 together with interest from that date hereof at a rate of 6.25% per annum with the liability

thereunder being joint and several among the above-captioned Defendants . . . .

On August 3, 2016, Gleason executed correspondence to OK confirming indebtedness owed by D&L and Celtic to OK arising from money advanced by OK to D&L as loans, pre-paid orders and back-charges on orders delivered and acknowledging that the debt was legitimately incurred from time to time since November, 2015 to the present and that the current amount of the indebtedness as of August 3, 2016 is $194,071.81 and is due and owing as of that date and is net of any amounts that are due or may be due from OK to D&L. Further, Gleason acknowledged that as President of D&L, he is personally familiar with the books and records of D&L and that this was stated from personal knowledge. Further, Gleason acknowledged personal liability for the amount pursuant to the Individual Guaranty executed by Gleason in favor of OK dated November 6, 2015 . . . . Paragraph 3 of this Individual Guaranty states, "The Guarantor agrees to pay all costs and expenses incurred by O.K. in attempting to collect the indebtedness and in enforcing this Guaranty, including, but not limited to, reasonable legal fees."

The above-captioned Defendants, individually and/or collectively breached the terms and conditions of this August 3, 2016 correspondence by failing to conform to the terms and obligations stated therein. OK conformed and complied at all times to the terms and obligations of all contracts and agreements with all Defendants.

Despite [ ] demands for payment, Defendants, individually and/or collectively, have failed to pay OK for the balance of the sums due OK.

(Doc. 1, at ¶¶ 7-12, 14, 16, 18, 20, 22, 24, 25, 30).

Each Promissory Note states, in pertinent part, "The Maker agrees to pay to the holder all costs, expenses and reasonable attorney's fees incurred in the collection of sums due hereunder, whether through legal proceedings or otherwise, to the extent permitted by law." (*Id.* at ¶¶ 10, 12, 14, 16, 18, 20, 22). Plaintiff further alleges that "Defendants, individually and/or collectively breached the terms and conditions of [each of the]

5

Promissory Note[s] by failing to conform to the terms and obligations stated therein", and that "OK conformed and complied at all times to the terms and obligations of th[e] contract[s]." (*Id.* at ¶¶ 13, 15, 17, 19, 21, 23).

Plaintiff's factual allegations are supported by the following exhibits attached to the Complaint: (A) the Exclusive Distribution Agreement dated September 2, 2015; (B) an undated Individual Guarantee; (C) a Promissory Note dated November 6, 2015; (D) an Individual Guarantee dated November 6, 2015; (E) a Promissory Note dated November 13, 2015; (F) an Individual Guarantee dated November 20, 2015; (G) a Promissory Note dated November 20, 2015; (H) a Promissory Note dated December 15, 2015; (I) a Promissory Note dated December 21, 2015; (J) a Promissory Note dated January 1, 2016; and (K) a letter dated August 3, 2016, from David Gleason to the President of O.K. Sales. (Doc. 1-1).

In considering the factors necessary to decide whether default judgement is appropriate, the Court first notes that the record demonstrates that that summons were returned executed as to each defendant (Docs. 5-7). Since that time, no defendant has filed any pleading or performed any other action to otherwise defend the case. The Clerk of Court thus entered default against the defendants on March 22, 2018. (Doc. 11).

With respect to the prejudice to O.K. Sales if default is denied, this factor weighs in favor of the plaintiff. Absent the default judgment, the plaintiff will be faced with an indefinite, and possibly permanent, delay in the adjudication of its claims and is left with no

6

alternative means to vindicate its claims against the defaulting parties, including obtaining the damages it alleges it is owed.

As to whether the defendants appear to have a litigable defense, this factor also weighs in favor of the plaintiff. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)). In the present action, none of the defendants have filed an answer or performed any other action to defend the case or set forth any meritorious defenses. Further, upon review of the factual allegations which this Court must accept as true, the Court is not aware of one or more possible defenses which may constitute a complete defense in this action.

The third factor, whether defendants' delay is due to culpable conduct, also weighs in favor of O.K. Sales. "In this context culpable conduct means action taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983). Although the Court is reluctant to attribute bad faith to the defaulting defendants, Celtic Cabinetry & Millwork, D&L Holding Group, Inc., and David Gleason, have all been on notice of this action since, at the latest, September 8, 2017, when they were each personally served with their summons. (*See* Docs. 5-7). Thus, the defendants have failed to respond

7

or take any other action to defend this lawsuit for over 9 months. At minimum, this lack of action amounts to deliberate and willful conduct.

Therefore, default judgment will be entered against Celtic Cabinetry & Millwork, D&L Holding Group, Inc., and David Gleason.

### B. Damages

Pursuant to the Federal Rules of Civil Procedure, a Court "may conduct hearings or make referrals ... when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 50(b)(2).

Plaintiff's claim for Breach of Contract alleges that the defendants "individually and/or collectively" breached the terms and obligations of: the Exclusive Distribution Agreement dated September 2, 2015; each of the aforementioned Individual Guarantees and Promissory Notes; and the August 2, 2016, letter from David Gleason to the President of O.K. Sales; thus resulting in injuries to Plaintiff in the amount of $194,071.81. (Doc. 1, at ¶¶ 26-33). This amount is confirmed in Defendant David Gleason's letter wherein he "confirms certain indebtedness owed by D&L Holding Group, Inc. d/b/a Celtic Cabinetry & Millwork ... to O.K. Sales, Inc." arising from "money advanced by OK to D&L as loans, pre-paid orders and back-charges on orders delivered." (Doc. 1-1, Ex. K). Defendant Gleason acknowledged that the debt "was legitimately incurred from time to time since November 2015 to the present" and

that the amount of indebtedness as of August 3, 2016 was $194,071.81. (*Id.*).¹ Gleason further confirmed that he is "personally liable for this amount pursuant to a certain Individual Guarantee executed by me in favor of OK dated November 6, 2015." (*Id.*).

In addition to the $194,071.81 asserted in the Complaint, Plaintiff's motion for default judgment requests that the Court award $10,249.06 in interest and $848.08 for costs of filing and service. (Doc. 9, at ¶ 7). In support of its request for $10,249.06, Plaintiff's counsel submitted an Affidavit which includes as an attachment interest calculations on each Promissory Note. (*See* Doc. 9-1, Ex. C; *see also*, Doc. 9-1, at ¶ 5). The Affidavit and interest calculations confirm that Defendants owe Plaintiff $10,249.06 in interest. Furthermore, Plaintiff's counsel's Affidavit affirms that the Court's filing fee was $400.00, he hired a private investigator to locate the Defendants for a cost of $149.68, and that the cost of service of the Complaint and each Summons totaled $298.40. (Doc. 9-1, ¶¶ 1, 3-4). Plaintiff's request for costs is supported by the private investigator's invoice and the proofs of service for each defendant, attached as exhibits to the motion for default judgment. (*See id.* at Ex. A, B).

---

¹ The principal amount due as a result of the Promissory Notes is $76,981.58. However, Plaintiff's Complaint pleads that it is owed $194,071.81 as of August 3, 2016. Plaintiff fails to explain or detail the origins of the remaining $117,090.23 which it claims it is owed, instead at best only stating in the Complaint that the $194,071.81 includes "additional interest, costs of collection, attorney's fees and all other remedies pursuant to the [Exhibits attached to the Complaint] as well [as] the laws of the Commonwealth of Pennsylvania" (Doc. 1, at ¶ 28). Due to this lack of specificity, were it not for Defendant Gleason's letter admitting that the amount of indebtedness was $194,071.81, the Court would have ordered Plaintiff to provide the Court with an accounting detailing how it arrived at $194,071.81 as its "sum certain." Further complicating the determination of the correct amount of damages, Plaintiff did not file a brief in support of its motion, which may have elucidated the components of the Defendants' liability which all parties indicate is $194,071.81.

Accordingly, the Court will grant Plaintiff's motion for default judgment in the amount of $194, 071.81 as asserted in the Complaint, $10,249.06 in interest, and $848.08 for costs of filing and service.

IV. CONCLUSION

For the foregoing reasons, the Court will grant the Plaintiff O.K. Sales' "Praecipe for Entry of Default Judgment" (Doc. 9) and enter default judgment in the amount of $205,168.95.

Robert D. Mariani
United States District Judge